```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ZOLTAN HIRSCH,                                                :
                              Plaintiff,                      :
                                                              :         14 Civ. 5097 (LGS)
             -against-                                        :
                                                              :         ORDER & OPINION
CAMPANIELLO SOHO, INC., et al.,                               :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Zoltan Hirsch brings this suit against Defendants Campaniello Soho, Inc. and Thomas Campaniello d/b/a Campaniello Real Estate alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and New York laws. Plaintiff seeks injunctive relief, $1000 in damages and attorneys' fees. Defendants now move to dismiss because Plaintiff lacks standing.[1] Because doubt remains as to Plaintiff's standing, the parties are directed to appear for an evidentiary hearing to establish the same.

## I. BACKGROUND

Plaintiff filed the original complaint in this action on July 8, 2014, against the presently named defendants and 225 East 57th Street Owners, Inc. All defendants sought, and were granted, extensions of time to answer until after Plaintiff responded to their Rule 11 letters. On October 21, 2014, Plaintiff filed the presently operative Amended Complaint (the "Complaint"), terminating 225 East 57th Street Owners, Inc. as a defendant. On November 12, 2014, the remaining defendants moved to dismiss.

The allegations in the Complaint are assumed to be true for purposes of this motion.

---

[1] Defendants also argue that: (1) the Complaint should be dismissed pursuant to Rule 12(b)(6) because the Complaint fails to state a cause of action; and (2) the Complaint is the latest in a series of vexatious lawsuits filed by Plaintiff and his counsel. Because the question of whether Plaintiff has Article III standing is yet to be resolved, these arguments relating to the merits are not addressed in this Opinion.

The Complaint alleges that Plaintiff, a resident of the State of New York, is a double amputee who uses a wheelchair for mobility.  The Complaint does not identify where in the state Plaintiff resides.

The Complaint alleges that individual Defendant Thomas Campaniello owns Defendant Campaniello Soho, Inc.  Defendant Campaniello Soho, Inc. leases property at 225 East 57th Street in New York, New York, where it "sells goods to the public."  The Complaint does not allege what "goods" Defendant sells.  However, in his opposition to Defendants' motion to dismiss, Plaintiff does not challenge, and apparently accepts, Defendants' description of their store as a "high-end Italian furniture showroom."

Without specifying a date or time, the Complaint alleges that "Plaintiff personally visited Defendants' Property, but was unable to enter due to a step at the entrance upon which Plaintiff was unable to safely traverse in his wheelchair, thereby denying him full and equal access to, and full and equal enjoyment of, the subject facility at Defendants' Property."  The Complaint further alleges that "Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the goods and services offered at Defendants' Property," and that "Plaintiff continues to desire to visit the . . . Property in the future."

At a conference in this matter on November 13, 2014, counsel for Plaintiff stated that he wished to amend the Amended Complaint to include details about when he visited Defendants' property.  An order issued later that day directed that "to the extent Plaintiff seeks leave to amend the Amended Complaint to specify when Plaintiff allegedly visited Defendants' property, he shall include the proposed amendment as part of any response to the motion to dismiss."  Plaintiff has failed to include any such proposed amendment, or information about the time of his visit that may be construed as a proposed amendment, in his opposition to Defendants' motion.

2

**II. LEGAL STANDARD**

A motion to dismiss for lack of Article III standing is properly analyzed under Federal Rule of Civil Procedure 12(b)(1) rather than Rule 12(b)(6) because it concerns "the authority of a federal court to exercise jurisdiction." *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006). "Dismissal for lack of subject matter jurisdiction [pursuant to Rule 12(b)(1)] is proper when the district court lacks the statutory or constitutional power to adjudicate a case." *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013) (citation and internal quotation marks omitted). In defending against a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the court's jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A court "may refer to evidence outside the pleadings" in resolving the motion. *Id.*

**III. DISCUSSION**

Defendants argue that Plaintiff has failed to demonstrate Article III standing to maintain a cause of action for an injunction under the ADA because the Complaint fails to allege when or why Plaintiff sought to enter Defendants' property and provides no reasonable basis to conclude that he would seek to return. Because doubt remains as to Plaintiff's intent to return to Defendants' property, judgment will be reserved pending an evidentiary hearing at which Plaintiff shall be present.

   **A. Standing**

"[A] district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits." *Alliance for Envtl. Renewal, Inc.*, 436 F.3d at 85

3

(citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)).  The requirements for Article III standing are well established.  To satisfy the "irreducible constitutional minimum of standing," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), "[t]he plaintiff must have [1] suffered or be imminently threatened with [2] a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and [3] likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014) (quoting *Lujan*, 504 U.S. at 560) (alterations added).  A plaintiff seeking injunctive relief "cannot rely on past injury to satisfy the injury requirement," but must show "a real and immediate threat of future injury."  *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (citations and internal quotation marks omitted).

"In the ADA context," the Second Circuit has found standing for injunctive relief where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [the public accommodation] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013).  Where "doubt remains as to [a plaintiff's] professed intent to" return to the public accommodation in question "in the future, it may be resolved by the district court by discovery, fact-finding and, if necessary, an evidentiary hearing to evaluate, *inter alia*, [the plaintiff's] credibility."  *Pincus v. Nat'l R.R. Passenger Corp.*, 581 F. App'x 88, 90 (2d Cir. 2014) (citing *Alliance for Envtl. Renewal, Inc.*, 436 F.3d at 85); *accord Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 72 (2d Cir. 2011).

Defendants do not contest that Plaintiff has adequately established that any discriminatory treatment will continue. They argue that the case should be dismissed because Plaintiff has failed to establish a past injury under the ADA and has failed to demonstrate an intent to return.

Even though Plaintiff has failed to provide any indication of when he allegedly visited Defendants' property, Defendants' argument that Plaintiff has failed to establish past injury must be rejected. By alleging that he was unable to access Defendants' property because of an architectural barrier, namely "a step at the entrance," Plaintiff has satisfactorily shown a past injury for standing purposes at the pleading stage. *Kreisler*, 731 F.3d at 188. However, Plaintiff has yet to establish his intent to return.

### B. Intent to Return

To successfully establish the intent to return to an offending public accommodation at the pleading stage, an ADA plaintiff must at the very least plead the intent to return explicitly. The disposition here turns on what else, if anything, he or she must plead. Based on recent Second Circuit cases, what else a plaintiff must plead depends on the nature of the subject public accommodation -- of how "public" it is.

When an ADA plaintiff brings suit against a public accommodation that the general public likely patronizes out of necessity, such as the only train station in the plaintiff's city of residence, the plaintiff need only plead the intent to return to establish standing at the pleadings stage. *See Pincus*, 581 F. App'x at 89-90 ("Pincus's professed intent to use Amtrak again is sufficient to establish standing," given her "prior use of Amtrak, her residence in a city with an Amtrak station, and the distinct and widespread nature of Amtrak's services in providing access to intercity travel[.]"). In the case of a public accommodation for which other reasonable substitutes may exist, like restaurants and malls, the plaintiff must plead facts that tend to show that the

5

plaintiff will likely frequent the area where the public accommodation is located and is interested in what it has to offer.  *See Kreisler*, 731 F.3d at 188 (reasonable to infer that plaintiff would revisit diner when he frequented other diners in neighborhood, lived within few blocks of diner and stated he would visit diner if he could access it); *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (reasonable to infer that plaintiff would revisit restaurant when her complaint alleged that she had visited it on multiple occasions and lived in close proximity to it); *Harty*, 428 F. App'x at 71 (reasonable to infer that Florida-based plaintiff would return to New York mall where his complaint and an affidavit in opposition to defendant's motion to dismiss stated that he "return[ed] to the area quite often to visit family" and for gun shows, he will be "traveling through, and shopping at, various shopping centers," and he wished to return to the mall). Finally, in the context of hotels and inns, a plaintiff must plead facts that tend to show an intent to return to the area where the hotel is located for the specific purpose of an overnight stay.  *See Harty v. Greenwich Hospitality Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (not reasonable to infer that Florida-based plaintiff would return to inn in Stamford, Connecticut even though his complaint stated that he "frequently visit[ed] Connecticut as part of his travels to" his family in New York, because the complaint did "not evidence any concrete plan to stay overnight in Stamford in the future").

     Here, beyond a conclusory recitation of Plaintiff's intent to return to Defendants' property, the Complaint is devoid of any allegations that support the inference of such an intention.  Indeed, the Complaint is devoid of multiple basic facts, including when Plaintiff first attempted to visit the store or even what the store sells.  Even in the absence of these facts, however, the Complaint clearly establishes that Defendants' store is not "distinct" or fundamentally necessary in the manner of the only Amtrak train station in a city.  *See Pincus*, 581

F. App'x at 90.  Accordingly, for Plaintiff to have standing, he must proffer at least *some* basis to conclude that he frequents the area and is otherwise interested in what Defendants' store has to offer.

Perhaps recognizing the deficiencies in the Complaint, Plaintiff's counsel makes unsworn factual assertions for the first time in his opposition to Defendants' motion, including that (1) Plaintiff "is a resident of the city of New York," (2) Plaintiff lives approximately twelve miles from Defendants' store -- "well within reasonable driving distance" -- and (3) Plaintiff "repeatedly travels in the vicinity of the [p]roperty."  Plaintiff also accepts the characterization of the store as a high-end Italian furniture showroom.  However, even at the close of briefing, Plaintiff has failed to offer any facts that support Plaintiff's interest in what the store has to offer.

Because extrinsic evidence may be considered in resolving jurisdictional factual disputes on a Rule 12(b)(1) motion, the undisputed characterization of Defendants' store as a furniture showroom is credited for purposes of deciding the factual issue of Plaintiff's intent to return and, by extension, his standing.  However, the unsworn statements of Plaintiff's counsel in opposition to Defendants' motion are not credited.  *See, e.g.*, *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, *such as affidavits*.") (emphasis added and internal quotation marks omitted).

The only remaining fact in support of Plaintiff's intent to return -- his mere allegation that he wishes to return to Defendants' furniture store -- does not, without more, establish "a plausible intention to return to the" store.  *Kreisler*, 731 F.3d at 188.  Because doubt remains as to

7

Plaintiff's intent to return, judgment on the motion is reserved and Plaintiff is directed to appear for an evidentiary hearing to resolve the issue of standing.

## IV. CONCLUSION

For the foregoing reasons, judgment is RESERVED on Defendants' motion to dismiss pending the Court's findings after an evidentiary hearing.

The parties are directed to appear for an evidentiary hearing on February 23, 2015, at 10:30 a.m.  Plaintiff Zoltan Hirsch shall be present for the hearing.  The parties shall make no substantive submissions in anticipation of the hearing without leave of the Court.

SO ORDERED.

Dated: February 17, 2015
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　**LORNA G. SCHOFIELD**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**